## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DESIREE NAU,**<br><br>              **Plaintiff,**<br><br>      **v.**<br><br>**CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,**<br><br>              **Defendant.** | **MEMORANDUM DECISION & RULING**<br><br>**Case No. 2:12-cv-00985**<br><br>**Magistrate Judge Dustin Pead** |

On November 5, 2014, the parties consented to jurisdiction by United States Magistrate, pursuant to 28 U.S.C. § 636(c)(doc. 26).

Oral argument on Plaintiff Desiree Nau's ("Nau") request for judicial review of the Commissioner's April 21, 2012, decision was heard on December 9, 2014 (doc. 29).  At the hearing, attorney David Parker appeared telephonically on behalf of Nau and attorney Allan Berger appeared telephonically on behalf of Defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration ("Commissioner").  At the conclusion of the hearing, the Court determined that the matter should be remanded for further consideration of the record consistent with the Tenth Circuit Court's ruling in *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013).  On remand the Court directs as follows.

1.  In his April 21, 2011, the Administrative Law Judge determined that Nau's medically determinable mental impairments of "anxiety, depression, and cognitive disorder" only cause "minimal limitations in the claimant's ability to perform basic mental work activities and are therefore nonsevere" (Tr. 21).  The Administrative Law Judge relied upon the medical evidence

of record to reach this conclusion.  *Id.*   These non-severe impairments, however, were not considered at step four in conjunction with the Administrative Law Judge's Residual Functional Capacity ("RFC") analysis.

2.   At step four of the analysis, as mandated by *Wells v. Colvin*, the Administrative Law Judge shall consider and discuss all severe and non-severe impairments as part of the Residual Functional Capacity ("RFC") analysis.  727 F.2d at 1069 ("ALJ must consider the combined effect of all medically determinable impairments, whether severe or not.") (citing 20 C.F.R. § § 404.1545(a)(2), 416.945(a)(2)).  Although a non-severe impairment "standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." *Mushero v. Astrue,* 384 F. App's 693, 695-96 (10th Cir. 2010) (citing SSR 96-8p).   Thus, the Administrative Law Judge may not rely on a finding of non-severity as a substitute for failing to include and assess non-severe impairments in the RFC analysis.  *See* SSR 96-8p.

3.   The Court recognizes there are exceptions to this general rule.  Specifically, if at step two the Administrative Law Judge determines that a medically determinable impairment poses "no restriction on the claimant's work activities" the need for further analysis at step four is obviated.  *Wells v. Colvin*, 727 F.3d at 1065.  Here, however, the Administrative Law Judge determined that Nau's mental impairments resulted in a "minimal limitation" in her ability to perform work related activities.  Further, an adverse credibility finding may also support an ALJ's failure to fully assess an impairment at step four.  *Id.*  In Nau's case, however, step four did not include any adverse credibility finding related to her cognitive impairments.

3.   Accordingly, on remand the ALJ is instructed at step four to consider and discuss all severe and non-severe impairments supported by objective medical evidence.

**IT IS SO ORDERED.**

DATED this 11th day of December, 2014.

_____

DUSTIN B. PEAD
United States Magistrate Judge

4