IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DESIREE NAU,<br><br>        **Plaintiff,**<br><br>v.<br><br>CAROLYN W. COLVIN, as Acting Commissioner of Social Security,<br><br>        **Defendant**. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:12-cv-00985<br><br>Magistrate Judge Dustin Pead |

  All parties in this case consented to having United States Magistrate Judge Dustin B. Pead conduct all proceedings, including entry of final judgment, with appeal to the United State Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73 (Dkt. No. 26).

  Currently before the Court is Plaintiff Desiree Nau's (Plaintiff) "Motion For Authorization Of Attorney Fees" pursuant to 42 U.S.C. §406(b). In support of the motion, Plaintiff's counsel David Parker (Counsel) has submitted an "Affidavit of Attorney Fees" seeking compensation for 45.2 hours of billing at $185.00 per hour for a total award of $8,452.40 (Dkt. No. 32-1). Recognizing that it is not a party to § 406(b) fee awards, Defendant Commissioner of Social Security (Commissioner) objects to the motion and asserts that Counsel does not qualify for fees under the statute (Dkt. No. 33). Plaintiff has not filed a reply to the Commissioner's opposition, and the time within which to do so has expired. *See* DUCivR 7-1 (b)(3)(B) ("A reply memorandum to such opposing memorandum may be filed at the discretion of the movant within fourteen (14) days after service of the memorandum opposing the motion.").

## ANALYSIS

Attorneys in social security cases may seek compensation for their work under either the Equal Access To Justice Act (EAJA) or the Social Security Act (SSA).  "EAJA fees and fees available under § 406 [of the SSA] are two different kinds of fees that must be separately awarded." *Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001).  Specifically, "EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits." *McGraw v. Barnhart,* 540 F.3d 493, 497 (10th Cir. 2006).  Here, Counsel seeks fees under §406, which states in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . . In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Based upon the language of the statue, this court concludes that:  (1) Counsel has not submitted sufficient documentation to support an award of past-due benefits; and (2) Counsel has not established his entitlement, if any, to past due benefits is by reason of the court's judgment. *See McGraw* 540 F.3d at 499.

Accordingly, Plaintiff's Motion For Attorney Fees is hereby DENIED (doc. 32).  To the extent that Counsel has documentation or evidence to rebut the court's conclusions he may request reconsideration of the motion.

**IT IS ORDERED.**

DATED this 13th day of April, 2015.

                                                                                     BY THE COURT:

                                                                                     _____
                                                                                     Dustin Pead
                                                                                     U.S. Federal Magistrate Judge